## Stewart *versus* Bowen *et al.*

*Account render.—Report of auditor conclusive if no issue of fact or law be asked for.— Court may refer back report for error of calculation.— Power of auditor as to rehearing.*

1. In an action of account render, the adjudication of the auditor is final, and not subject to the revision of the court where no issue of fact or law is demanded, except in case of his misconduct.

2. The court may however refer the report back to the auditor for an error of calculation: but he has no power to rehear the parties, and his report on such rehearing will be set aside, and the original report confirmed.

ERROR to the Common Pleas of *Tioga county*.

This was an action of account render by Erwin Bowen and B. S. Bowen against W. L. Stewart, in which, after judgment *quod computet*, the case was referred to an auditor.

The facts, so far as they are necessary to a proper understanding of the case, will be found in the opinion of this court.

*Williams & Sherwood*, for plaintiff in error.

*Lowrey* and *Wilson*, for defendants.

The opinion of the court was delivered, March 23d 1865, by

AGNEW, J.—This was an action of account render, in which a judgment, *quod computet*, was entered by agreement, and the cause referred to an auditor to take and return an account in the manner usual in actions of account render, the auditor to have the same power and authority conferred on auditors by law in an action of account render. The auditor made his report, which was excepted to for certain alleged errors, there being no charge of misconduct. But upon an allegation of an error in calculation, the report was recommitted by the court for correction. It came before the auditor, when, the defendant insisting upon a rehearing upon certain matters, the plaintiffs protested and withdrew. The auditor, although of opinion he had no power to hear and decide any matter anew, concluded to hear the case and report the facts to the court. He did so, and with his report sent up several issues of fact which the defendant tendered in the rehearing. Upon the return of the report into court, the court refused to consider the second report, and gave judgment for the plaintiffs upon the original report. It seems the auditor found no material error of calculation, and so stated in his second report. The defendant now complains, alleging that the court ought to have heard him again, and erred in rejecting his prayer for issues of fact.

The parties having chosen the action of account render, and

*[Stewart v. Bowen et al.]*

a reference to an auditor, according to the rules of law in that mode of proceeding, must abide by the remedy thus adopted. It is settled that the adjudication of the auditor in this form of nroceeding is the end of controversy, and is not subject to the revision of the court; that the court can interfere only when the auditor has been guilty of misconduct: Little v. Stanton, 8 Casey 300. Doubtless for an error of calculation merely, the court might recommit the report to the auditor for correction, but not for a rehearing. The plaintiff did not acquiesce, but insisted upon his right to the original report. When the report, therefore, was returned, we see no error in discarding the second report, founded upon the rehearing, and in disregarding a demand for issues not asked for in time. The court was right in entering judgment upon the report as originally made, especially as the auditor found no mere clerical error of computation to correct. We cannot go into the report and make detailed calculations to find out the correctness of this opinion.

Judgment affirmed.